UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **GERALDINE RIOS**<br>6907 Edgerton Lane<br>Springfield, VA 22150<br><br>    Plaintiff,<br><br>v.<br><br>**FRED M. HEGER**<br>6785 W. Gardenia Avenue<br>Glendale, Arizona 85303,<br><br>**VALLEY INTERIORS, INC.**<br>serve: Bradley Owens, Reg. Agent<br>3030 North Central Avenue #1406<br>Phoenix, Arizona 85012,<br><br>    Defendants. | Civil Case No.   1:23-cv-2187<br><br>Formerly: 2023-CAB-003089<br>Superior Court of the District of Columbia |

### DEFENDANT FRED M. HEGER'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

COMES NOW, Defendant Fred M. Heger (hereinafter "Heger" or "Defendant"), by his undersigned counsel, and files this Answer and Affirmative Defenses in response to Plaintiff's Complaint as follows:

### ANSWER

1. Paragraph 1 of the Complaint refers to jurisdiction, to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

2. Defendant denies the allegations contained in Paragraph 2.

3. Defendant denies the allegations contained in Paragraph 3.

1

4. Paragraph 4 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 4 and demands strict proof thereof.

5. No Paragraph 5 contained in the Complaint.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7.

Defendant denies the allegations in the paragraph beginning "WHEREFORE," except that it states what Plaintiff purports to seek as certain relief in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. In asserting these affirmative defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on the Plaintiff.

Defendant reserves the right to assert additional affirmative defenses, as warranted by facts learned through investigation or discovery, and expressly reserves the right to amend its answer to assert such additional affirmative defenses.

### First Defense

Plaintiff's Complaint, and each and every claim stated therein, fails to state a claim on which relief can be granted.

### Second Defense

No act or omission on the part of Defendant caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Defendant.

### Third Defense

The sole, direct and proximate cause of any injury or damage which Plaintiff may have sustained was due to the conduct of some person, persons, or entity other than this Defendant or an entity for whose conduct Defendant would bear responsibility and, therefore, Plaintiff is not entitled to recover anything from Defendant.

### Fourth Defense

Plaintiff's injuries and damages, if any, were caused by Plaintiff's contributory negligence, which bars Plaintiff's claims against Defendant.

### Fifth Defense

Plaintiff's injuries and damages, if any, were caused by her knowing and voluntary assumption of the risk, which bars her claims in this action.

### Sixth Defense

The injuries of which Plaintiff complains are due solely or, in large part, to disease or other causes which are not connected with any action or inaction by Defendant.

### Seventh Defense

Plaintiff failed to take due and appropriate care in the mitigation of her alleged injuries and her recovery from Defendant is therefore barred in whole or in part.

### Eighth Defense

Defendant owed no duty of care to Plaintiff.

### Ninth Defense

Plaintiff's claims are barred by estoppel.

### Tenth Defense

Plaintiff's claims are barred by the superseding negligent acts of third parties over which this Defendant had no control and such superseding negligent acts relieve Defendant of any alleged liability in this matter.

### Eleventh Defense

Defendant met all applicable standards of care.

### Twelfth Defense

Defendant reserves the right to assert additional affirmative defenses should new information come to light warranting such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment as follows:

(a)   Award Defendant the costs of defending this action, including reasonable attorney's fees and costs; and

(b)   Award such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues triable by jury.

Dated: July 27, 2023.                    Respectfully submitted,

**KIERNAN TREBACH LLP**

*/s/ Katherine B. Yoder*
Katherine B. Yoder, Esq. #477980
1233 20th Street, NW, Suite 800
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 Fax
kyoder@kiernantrebach.com
*Counsel for Defendant Fred M. Heger*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I caused a copy of the foregoing to be served this 27th day of July, 2023, upon:

Joseph A. Blaszkow, Esq.
Blaszkow Legal, PLLC
5270 Shawnee Road, #102
Alexandria, VA 22312
jab@blaszkowlegal.com
Attorneys for Plaintiff

                                        */s/ Katherine B. Yoder*
                                        _____
                                        Katherine B. Yoder, Esq.